UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TIBERIUS MAYS,
    Plaintiff,

vs.                                                                          01-1254

DONALD SNYDER, et al,
    Defendants.

COURT ORDER

This cause is before the court for consideration of several outstanding motions including: the plaintiff's motion for a new trial [d/e 178]; the plaintiff's motion for a default judgement against Defendant Roscoe Bryant [d/e 179], the plaintiff's motion to supplement his motion for a new trial [d/e 183], the plaintiff's motion for a trial transcript and exhibits [d/e 184] and the plaintiff's motion for a court order. [d/e 190].

I.  BACKGROUND

The pro se plaintiff originally filed his lawsuit pursuant to 42 U.S.C. §1983 against 25 defendants claiming that his constitutional rights were violated. Twelve of the defendants were dismissed prior to trial. The plaintiff had the following surviving claims at trial:

1) Defendants violated plaintiff's Fourth and Eighth Amendment rights during strip searches. Specifically, strip searches by Defendants Kevin Hantelman and Thomas Hoyt on December 30 and 31, 1998 and January 3 and 4, 1999 at Stateville Correctional Center; and a search by Defendants Mark Locke and David Tenley in March of 2000 at Stateville Correctional Center.

2) Defendants Michael Ethridge, Roscoe Bryant, Darryl Johnson, and Jerome Springborn retaliated against the plaintiff on June 9, 1999 for the plaintiff's grievances concerning strip searches.

3) Defendants Linda Miller, Don Niles, Leora Harry, Douglas Cravens and Mark Pierson violated the plaintiff's First Amendment rights by denying him pages from a magazine.

At the close of the plaintiff's evidence on each issue, the defendants moved for judgement as a matter of law and the court allowed the motion. *See* January 5, 2005 Memorandum Opinion and Final Order.

II.  MOTION FOR A NEW TRIAL

The plaintiff has now filed a motion pursuant to Rule 59 of the Federal Rules of Civil

Procedure. [d/e 178]   Rule 59(e) motions to alter or amend the judgment must be filed within ten business days of the entry of judgment. Hope v. United States, 43 F.3d 1140, 1143 (7th Cir. 1994), cert. denied, 115 S.Ct. 2558 (1995).   The plaintiff's motion appears to have been provided to prison officials within the necessary time frame, therefore the court will consider the plaintiff's motion pursuant to Federal Rule 59(e).  See also Hope, 43 F.3d at 1143.

A Rule 59(e) motion "may only be granted if there has been a mistake of law or fact or new evidence has been discovered that is material and could not have been discovered previously." Figgie Int'l, Inc. v. Miller, 966 F.2d 1178, 1180 (7th cir. 1992).

The plaintiff has also filed a motion to "supplement" his original motion for a new trial. [d/e 183]  However, Rule 59(e) motions to alter or amend the judgment must be filed within ten business days of the entry of judgment, and the time period cannot be extended. Fed.R. Civ. P. 6(b); Hope, 43 F.3d at 1143.  The plaintiff's supplemental motion was not filed within the ten day time period, therefore the court will consider this motion pursuant to Rule 60 of the Federal Rules of Civil Procedure. *See* Charles v. Daley, 799 F.2d 343, 347 (7th Cir. 1986);  Western Industries, Inc. v. Newcor Canada Limited, 709 F.2d 16, 17 (7th Cir. 1983).   Therefore, the court will consider the plaintiff's motion pursuant to Rule 60.

 A motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) "permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud." American Federation of Grain Millers, Local 24 v. Cargill Inc., 15 F.3d 726, 728 (7th Cir. 1994).

The plaintiff has stated several reasons for granting a new trial in his original motion including: 1) he was not appointed counsel, 2) his access to legal documents was hindered prior to trial, 3) the court did not provide an explanation of his Fourth Amendment claim to the jury, 4) the court acted as an advocate for the defendants and 5) the court was incorrect in its rulings on his First Amendment, strip search and retaliation claims.  The plaintiff makes one argument in his supplemental motion claiming that he should be granted a new trial because the court failed to admit many of plaintiff's exhibits.

A. FAILURE TO APPOINT COUNSEL

The plaintiff first claims that he was not able to adequately present his case because the court did not appoint counsel to represent him.   The plaintiff says he did not know how to properly represent himself before and during the trial and believes a speech impediment hurt his ability to present his case.  Lastly, the plaintiff claims the court stated that the plaintiff was "not so good" as a trial attorney as he was leaving the courtroom on December 17, 2004.

The court did not find that the plaintiff was unable to adequately represent himself or that he was "not so good" as a trial attorney.  While an attorney would certainly have made things easier for both the plaintiff and the court, the plaintiff had no constitutional or statutory right to be represented by counsel in federal court. Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995). The decision to appoint counsel lies within the broad discretion of the court. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992).  The issues in the plaintiff's lawsuit were not so

complex that an attorney was required and the plaintiff was given broad latitude during the course of his lawsuit and trial.

The plaintiff was able to amend his complaint, keep track of various service problems with defendants, participate in the discovery process, extend the discovery period ,and defend against a motion for summary judgment. *See* (d/e 80, 106); *see also* August 30, 2003 Minute Order.  The court made efforts to assist the plaintiff in locating and providing his witnesses for trial. *See* December 9, 2004 Minute Order, (d/e 165-167).  The court also attempted to assist the plaintiff in the questioning of his witnesses when needed at trial.

It should also be noted that the plaintiff was allowed more than three and a half years to investigate his claims and prepare for trial.  The court noted no speech impediment during the pendency of this action which prevented the plaintiff from articulating his claims.

B.  ACCESS TO LEGAL DOCUMENTS

The plaintiff says he did not have adequate time to prepare for trial because he had difficulty gaining access to his legal boxes.  The plaintiff brought his concerns to the court's attention on the day before trial.  The court noted that the plaintiff had more than three years to prepare his case.  However, the court ordered the warden at the plaintiff's correctional facility to allow the plaintiff access to his materials and to allow the plaintiff to bring his materials to court with him on December 16, 2004.

The defendants now state that the plaintiff was in fact given access to his legal materials when he properly requested it.  Prior to the trial, the plaintiff was allowed access to his excess legal materials on November 6, 2004.  However, the plaintiff did not show up for his appointments on November 17 and November 24, 2004.  He was again allowed access to his legal materials on December 2 , 2004.  The plaintiff claims he was denied access on December 11, 2005. On December 13, 2004 the plaintiff had not scheduled an appointment, but was still allowed "access for a couple of hours." (Def. Memo, p 3)  The plaintiff was provided several hours access on December 14, 2004 and again in response to the court's order on December 15, 2004.  The plaintiff disputes the amount of time he was allowed with the legal materials on December 14 and 15, 2004.

The court also notes that the plaintiff presented numerous documents to the court as exhibits during his trial.  The plaintiff has failed to state any specific way he was hindered by the amount of time he had to review his legal materials.

C.  FOURTH AMENDMENT CLAIM

The plaintiff states that the judge told the jury he was not certain whether the plaintiff had a Fourth Amendment claim based on strip searches.  The plaintiff's claim has no merit since his case was not decided by the jury, but by the court on a motion for judgement as a matter of law.  The court noted in its opinion that the Seventh Circuit has recognized that a strip search of a prisoner may violate either the Eighth or Fourth Amendments. January 5, 2005 Memorandum Opinion and Final Order, p. 3, *citing* Calhoun v DeTella, 319 F.3d 936 (7th Cir 2003), Peckham

v. Wisconsin Dept. Of Corrections, 141 F. 3d 694, 697 (7th Cir. 1998).  The court also notes that in the plaintiff's reply to the defendants' response to his motion for a new trial, he "retracts this issue as a reason for a new trial." (Plain. Memo, p. 4)

D.  QUESTIONING OF WITNESSES

The plaintiff claims the judge acted as an advocate for the defendants when he asked a question of a witness.  The plaintiff notes that "although Judge Baker did assist the plaintiff in several areas, the Judge also assisted the Attorney Generals with law and questions that were improper considering the legal training of the attorneys and their trial experience." (Plain. Memo, p. 3)

Specifically, the plaintiff says the court asked a question of a witness who was testifying about strip searches.  The witness had stated that inmates were searched before and after they went to their "industry jobs."  The court asked the witness whether there were "sharp objects in industry." (Plain. Memo, p. 3)

"Traditionally, federal judges have exercised their right to question any witness during the course of a trial.  Rule 614(b) of the Federal Rules of Evidence confirms that '[t]he court may interrogate witnesses, whether called by itself or by a party.' The basis for judicial interrogation comes from the judge's duty to avoid confusion in the presentation of evidence.  Questioning of a witness by a trial judge may become necessary for clarification (1) in a lengthy and complex trial, (2) where counsel are unprepared or inexperienced and the facts are becoming muddled despite both sides' efforts to clear them up, or (3) where a witness is difficult or unbelievable and counsel fails to probe, or the witness becomes inadvertently confused." U.S. v. Evans, 994 F.2d 317, 323 (7th Cir. 1993)citations omitted.

The court's question in the instant case was an attempt to clarify for the jury why inmates where routinely searched when they came and went from their prison jobs.  As the plaintiff noted, the court also assisted the plaintiff in questioning his witnesses.

The plaintiff also states that the judge cited Rule 50 of the Federal Rules of Civil Procedure before the defendants made their motion, and the judge commented that issues could have been dealt with at the summary judgement stage.  Neither of these statements prejudiced the plaintiff at trial.

E.  JUDGEMENT ON THE ISSUES

The plaintiff disagrees with the court's rulings on the issues in his case.  The plaintiff believes the court should not have granted judgement as a matter of law on his claim that the defendants violated the plaintiff's First Amendment rights by denying him pages from a magazine.  The plaintiff first objects that the court allowed the defendants to present evidence concerning the magazine during the plaintiff's presentation of his case.  The court is responsible for the management of the trial so that evidence is presented in a clear and concise manner.  The court allowed the defendants to present direct examination of the witnesses to more fully explain the plaintiff's claims and prevent calling witnesses twice during the trial.  The plaintiff was

allowed to cross examine these witnesses.

The defendants stated that they refused to allow the plaintiff to keep the 13 pages of Vibe magazine which contained an in-depth article about prison riots because of security concerns. The court found that the defendants had articulated a reason that was reasonably related to legitimate penological interests. January 5, 2005 Memorandum Opinion and Final Order, p. 3.

While the plaintiff disagrees with the court's finding, the plaintiff has not presented any mistake of law or fact or new evidence that would warrant a new trial.

The plaintiff also believes that the court was mistaken when it granted judgement as a matter of law on a claim that certain strip searches violated his Eighth and Fourth Amendment rights and his claim that the defendants retaliated against him in violation of his First Amendment rights. The plaintiff rehashes some evidence that was presented at trial, but ignores evidence presented by the defendants that rebutted his claims. The plaintiff may state in his motion that certain evidence was "not disputed" or that he proved certain facts, but the trial record will stand for itself. The plaintiff has again not presented any mistake of law or fact or new evidence to warrant a new trial.

### F. DENIAL OF CERTAIN TRIAL EXHIBITS

The plaintiff makes a general argument that he should be granted a new trial because the court refused to admit certain exhibits at trial. The plaintiff offered 29 exhibits at trial, and four were admitted into evidence. Some of the refused documents were various discovery responses. The plaintiff had not asked to admit these documents to refute testimony or for any other relevant reason. The court also refused to admit defendants answers to the complaint. The plaintiff did not state any reason these exhibits should be admitted at trial or in his motion. The plaintiff also asked to admit copies of the Illinois Administrative Code. The court refused these exhibits stating that it would take judicial notice of the provisions.

The remaining exhibits were refused on relevancy and hearsay grounds. The plaintiff has not articulated any specific reasons that these exhibits should have been admitted.

### G. CONCLUSION

The plaintiff's motion for a new trial fails to demonstrate a mistake of law or fact or newly discovered, material evidence that could not have been discovered previously. Figgie Int'l, Inc. v. Miller, 966 F.2d 1178, 1180 (7th cir. 1992). The plaintiff's supplemental motion for a new trial fails to demonstrate any mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud that would warrant a new trial. American Federation of Grain Millers, Local 24 v. Cargill Inc., 15 F.3d 726, 728 (7th Cir. 1994). Both motions are therefore denied.

### III. MOTION FOR COPY OF TRIAL TRANSCRIPTS AND EXHIBITS

The plaintiff is asking the court for a copy of the complete transcript for his two day trial and for a copy of any exhibit he presented and was refused by the court. [d/e 184] The motion is

denied. The plaintiff has not filed a notice of appeal in this case. There is no authority for a judge to grant a motion for a free trial transcript prior to the filing of a notice of appeal. The Federal Rules of Appellate procedure provide that within ten days of filing a notice of appeal, the appellant must order a transcript of such parts of the proceedings as he deems necessary to his appeal. Fed. R. App.P. 10(b)(1). If an appellant is unable to pay for the transcript, he may file a motion to proceed on appeal in forma pauperis. 28 U.S.C. §1915. If this motion is granted, the trial judge or a circuit judge may then grant a motion for a free transcript if it is determined that the appeal is not frivolous. 28 U.S.C. §753(f).

### IV. MOTION FOR A COURT ORDER

The plaintiff has filed a confused motion asking for a court order "to replace a stricken pleading back on the docket and reconsider supplemental complaint and motion for file supplemental pleading." [d/e 190]. It is not entirely clear what relief the plaintiff is asking for. The plaintiff makes reference to the court denying his motion to amend his complaint. The plaintiff pinpoints his motion by the date of filing in 2005, but there is no such document in the record. In addition, the court does not see similar documents filed in previous years on the date provided. The plaintiff did file a motion to amend his complaint in May of 2002, and the motion was allowed.

Nonetheless, it is clear that the plaintiff claims the court struck one of his pleadings and he does not agree with the ruling. He is asking the court to "reverse its orders in stricken pleadings and reconsider the supplemental complaint on its merits and grant leave to file the supplemental complaint." (Plain. Mot, p. 3) The motion is denied. This case is closed and the court has no authority at this point to consider past motions.

### V. MOTION FOR DEFAULT JUDGEMENT

The plaintiff has filed a motion for default judgement against Defendant Roscoe Bryant [d/e 179]. The only claim against Roscoe at trial was that he was one of the defendants accused of retaliating against the plaintiff on June 9, 1999 for the plaintiff's grievances concerning strip searches.

There were numerous problems with the service of process on the initial 25 defendants in this case. Many no longer worked for the Department of Corrections and some had died during the pendency of the action. Defendant Roscoe Bryant was no longer an employee. The last known address for this defendant was his mother's residence. Several attempts were made to serve this defendant, and on August 20, 2003, a copy of the complaint was served upon the defendant's mother. Unfortunately, the court has no way of knowing with certainty whether the defendant was living at his mother's residence.

The defendant did not respond. The attorney for the remaining defendants had no contact with this defendant. The court found that Defendant Roscoe was proceeding pro se, and attempted to notify this defendant by certified mail of the date of trial. The trial was held on December 16 and December 17, 2005. The return of service was filed with the court on December 28, 2004. The defendant's mother signed for the mail, but there was no date

indicating when she received it.

The plaintiff's motion for default judgement is denied. First, the court has no way of knowing whether this defendant was ever properly served. The last address known to the Illinois Department of Corrections was the defendant's mother's home. However, this does not mean that the defendant still lived there at the time of trial. The defendant himself was never personally served despite repeated attempts.

Second, the plaintiff was unable to provide any credible evidence at trial in support of his claim that any defendant retaliated against him on June 9, 1999. *See* January 5, 2005 Memorandum Opinion and Final Order, p. 4.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion for a new trial and supplemental motion for a new trial are both denied. [d/e 178, 183]**

**2) The plaintiff's motion for a free trial transcript and copies of exhibits is denied. [d/e 184]**

**3) The plaintiff's motion for a court order is denied. [d/e 190]**

**4) The plaintiff's motion for default judgement against Defendant Roscoe Bryant is denied. [d/e 179].**

Entered this 16th day of August, 2005.

S/ Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE