IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| TIBERIUS MAYS, N-92625 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 01-1254 |
| | ) | |
| JEROME SPRINGBORN, DARRYL JOHNSON, | ) | |
| MICHAEL ETHERIDGE, ROSCOE BRYANT, | ) | |
| DAVID TENLEY, THOMAS HOYT, KEVIN | ) | |
| HANTELMANN, and MARK LOCKE, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION IN LIMINE

NOW COME Defendants, JEROME SPRINGBORN, DARRYL JOHNSON,

MICHAEL ETHERIDGE, JR., THOMAS HOYT, KEVIN HANTELMANN, and MARK LOCKE,

by and through their attorney, LISA MADIGAN, Attorney General of the State of Illinois, and

hereby file their Motion in Limine. In support thereof, Defendants state as follows:

1. Defendants hereby move this Honorable Court, to enter an order directing

Plaintiff, Plaintiff's counsel, and any witnesses called by Plaintiff, to refrain from making any

direct or indirect mention, whatsoever, at the trial before the jury, of matters hereinafter set

forth without first obtaining permission from this Court, outside the presence and hearing of

the jury.

2. Defendants seek to limit the evidence and exhibits in this matter as follows:

**I.       Personal Information**

The home address and telephone number of any Defendant, any witness for

Defendant or law enforcement personnel; their marital status, whether Defendants have any

children, the names of their family members or dependents; or inquiry into any other area

which may lead to the disclosure of said information. This request is for the personal safety

of the employees of the Illinois Department of Corrections or any law enforcement individuals and their family members.

## II.     <u>Indemnification of Defendants by the State of Illinois</u>

Similar to evidence of insurance in tort cases, evidence of indemnification is wholly irrelevant to the issues of liability and damages. Notwithstanding, a jury may be moved by sympathy for any perceived misfortune suffered by Plaintiff and be persuaded to award compensation to Plaintiff even though they are not persuaded that Defendants are individually liable. Moreover, the State of Illinois is not a Defendant in this case. Even if it was a defendant, however, money damages would be barred based on Eleventh Amendment sovereign immunity. Finally, evidence of indemnification by the State of Illinois could reasonably lead a jury to conclude that the same is the real defendant in this case instead of the actual named Defendants in their individual capacities.

## III.     <u>Re-trial</u>

This matter is back before this Court pursuant to the Seventh Circuit Court of Appeals' June 11, 2013, decision and July 3, 2013, mandate. [Court Document # 315]. The Seventh Circuit Court of Appeals reversed the judgment on the strip search and retaliation claims in this matter and remanded the matter for a new trial. [Court Document # 315]. Defendants assert that Plaintiff, Plaintiff's counsel, and Plaintiff's witnesses should be barred from testifying, implying, arguing, or eliciting testimony that the remanding of this case means that the Seventh Circuit thought Defendants violated Plaintiff's constitutional rights in this matter. Defendants argue that the jury must decide this matter based on the evidence presented at the trial in this matter and not what the Seventh Circuit Court of Appeals decided.

## IV.     <u>Rules and Procedures</u>

It is anticipated that Plaintiff intends to rely on rules, regulations, procedures, job

descriptions, and an inmate handbook as exhibits for trial.  It is believed that Plaintiff will use these Exhibits to show that Defendants allegedly did not comply with the Department's rules, regulations, procedures, etc. regarding strip searches and that said alleged failure shows that Defendants violated the Plaintiff's constitutional rights.  Defendants argue that the aforementioned documents are irrelevant, as the standard by which to judge Defendants' conduct is provided by the First, Fourth, Eighth Amendments; not departmental rules, regulations, procedures, job descriptions, and inmate handbooks.  Administrative rules do not, in and of themselves, create constitutional rights, nor does violating an administrative rule mean that the Constitution has been violated.  Shango v. Jurich, 681 F.2d 1091, 1100 (7th Cir. 1982).  Therefore, Defendants argue that to the extent Plaintiff intendsd to use said documents as exhibits at trial, use of these documents would mislead the jury by making them think that if Defendants allegedly failed to follow procedure, then Defendants violated Plaintiff's constitutional rights.  The issues to be decided by the jury are whether or not Defendants violated Plaintiff's First, Fourth, and Eighth Amendment rights under the Constitution; not whether Defendants violated departmental rules, regulations, procedures, job descriptions, and an inmate handbook.  Furthermore, the use of said documents would confuse the jury on whether they should apply the First, Fourth, and Eighth Amendment standards in this claim or the standards contained within departmental rules, regulations, procedures, job descriptions, and an inmate handbook.  Therefore, based on the foregoing, Plaintiff should be barred from presenting the aforementioned departmental rules, regulations, procedures, job descriptions, and an inmate handbook as any form of exhibit in the trial in this matter.

### V.     Grievances

It is anticipated that Plaintiff intends to rely a number of grievances and Administrative Review Board documents as exhibits for trial.  The grievances relate directly

to the incident at issue, however, they were all created after the events at issue.  Neither

exhaustion nor notice is an issue in this case.  To the extent the grievances contain the

statements of Plaintiff, they are hearsay under Rule 801 and inadmissible under Rule 802

(the statements are not hearsay and are admissible if offered by defendants under Rule

801(d)(2)).  The grievances are irrelevant under Federal Rule of Evidence 401.  Federal

Rule of Evidence 401 states, "relevant evidence" means evidence having any tendency to

make a fact more or less probable than it would be without the evidence and the fact is of

consequence in determining the action.  Once Plaintiff's statements are excluded, the

grievance documents contain no statements from parties with direct knowledge of the

events on December 30 and 31, 1998, January 3 and 4, 1999, June 9, 1999, and March 1,

2000, and do not tend to prove any fact material to this case is more likely true than not.

Therefore, to the extent Plaintiff intends to present these documents as exhibits at trial for

the truth of the matters asserted within them, based on the foregoing, Plaintiff should be

barred from presenting these documents as exhibits in the trial in this matter.

3.  Pursuant to Court Order, this Motion is due today, March 21, 2014.  [Court

Document #319].  However, the proposed final pre-trial order in this matter is not due until

April 25, 2014.  At this time, it is unknown what exhibits Plaintiff's current counsel intends to

use at trial in this matter.  Therefore, to the extent the proposed final pre-trial order contains

exhibits wherein a motion in limine would have been applicable, Defendants respectfully

request that they be provided the opportunity to argue why the exhibits should be excluded.

WHEREFORE, the Defendants respectfully request this Honorable Court to enter an

order directing the Plaintiff, through his counsel, and his counsel individually, not to mention,

refer to or interrogate concerning, or voluntarily answer or attempt to convey before the jury,

at any time during these proceedings, in any manner, either directly or indirectly, the subject

matters as stated above, without first informing the Court and obtaining permission from the

Court, outside the presence and hearing of the jury; and, further, to instruct Plaintiff through

his counsel, and his counsel individually, not to make any references to the fact that this

motion has been filed, argued, or ruled upon by this Court, and further, that each respective

counsel be instructed to warn and caution each and every witness to testify in this litigation

to strictly comply with the ruling of this Court.

        Respectfully submitted,

        JEROME SPRINGBORN, DARRYL JOHNSON,
        MICHAEL ETHERIDGE, JR., THOMAS HOYT, KEVIN
        HANTELMANN, and MARK LOCKE,

          Defendants,

        BY: LISA MADIGAN, Attorney General of Illinois, Its
        Attorney

          Attorney for Defendants

        By: s/Julie Morgan
        Julie Morgan, #6271352
        Attorney for Defendants
        Assistant Attorney General
        500 South Second Street
        Springfield, IL  62706
        Telephone:  (217) 782-2077
        Facsimile:  (217) 524-5091
        jlmorgan@atg.state.il.us

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| TIBERIUS MAYS, N-92625 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 01-1254 |
| | ) | |
| JEROME SPRINGBORN, DARRYL JOHNSON, | ) | |
| MICHAEL ETHERIDGE, ROSCOE BRYANT, | ) | |
| DAVID TENLEY, THOMAS HOYT, KEVIN | ) | |
| HANTELMANN, and MARK LOCKE, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2014, I electronically filed Defendants' Motion in

Limine with the Clerk of Court using the CM/ECF system which will send notification of such

filing to the following:

Ms. Logan Steiner                    Mr. Joseph Snapper
lsteiner@mayerbrown.com              jsnapper@mayerbrown.com

Mr. Marc Kadish
mkadish@mayerbrown.com

and I hereby certify that on March 21, 2014, I mailed by United States Postal Service, the

document to the following non-registered participant:

None

Respectfully submitted,

 s/Julie Morgan
Julie Morgan, #6271352
Attorney for Defendants
Office of the Illinois Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-2077
Facsimile:  (217) 524-5091
jlmorgan@atg.state.il.us

6