UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| TIBERIUS MAYS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 01-CV-1254 |
| ) | |
| DONALD SNYDER, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION

Plaintiff Tiberius Mays filed a Motion in Limine (#320) on March 14, 2014.  Defendants filed their Response (#326) on March 28, 2014.  For the following reasons, Plaintiff's Motion in Limine (#320) is DENIED.

*Plaintiff's Motion in Limine (#320)*

Plaintiff makes three requests in his motion: (1) Plaintiff asks the court to bar any discussion of non-strip search lawsuits and grievances by Plaintiff and the inmate witnesses that have no relevance to any issues in this case and would unfairly prejudice the jury against Plaintiff; (2) Plaintiff asks the court to bar any discussion of prior prison misconduct by Plaintiff or his inmate witnesses that would not be relevant and could unfairly prejudice the jury against Plaintiff; and (3) Plaintiff asks the court to bar Defendants from introducing the prior convictions of Plaintiff and Plaintiff's inmate witnesses and, to the extent Defendants attempt to use the prior convictions as impeachment, the inquiry should be limited to asking the witness if they were convicted of a felony.

First, with regard to Plaintiff's first two requests, the court agrees with Defendants that the motion should be DENIED.  Defendants have indicated in their Response that they do not intend to offer evidence of Plaintiff's or his inmate witnesses' litigation/grievance or disciplinary history.  Defendants will only offer such evidence if it is directly relevant to the strip searches at issue in this case or if a witness, on direct or redirect examination, "opens the door" by testifying that they have

not been involved in disciplinary matters with regard to the allegations in this case or other similar matters which may be contradicted by their disciplinary record. Therefore, the court will deny the motion in limine, at this time, in regard to Plaintiff's request to bar evidence of his or his inmate witnesses' litigation/grievance and disciplinary history. Defendants have indicated they do not intend to introduce such evidence at trial. However, if Defendants do attempt to introduce such evidence, Plaintiff may object and the court will determine the admissibility of the evidence pursuant to a hearing under Federal Rule of Evidence 104(c).

Plaintiff also requests the court bar any evidence of prior convictions for Plaintiff and the inmate witnesses beyond "have you been previously convicted of a felony?" Federal Rule of Evidence 609(a)(1)(A) allows for attacking a witnesses' character for truthfulness by evidence of a criminal conviction for any crime that was punishable by death or imprisonment for more than one year and the evidence must be admitted, subject to Rule 403, in a civil case in which the witness is not a defendant. Fed. R. Evid. 609(a)(1)(A). Therefore, in a case such as this one, the prior felony convictions of Plaintiff and the inmate witnesses must be admitted. Such an admission is subject to Rule 403, however, and therefore the probative value of the prior admission must not be substantially outweighed by unfair prejudice to Plaintiff, confusion of the issues, misleading of the jury, undue delay or wasting of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403. Further, for any crime regardless of punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving a dishonest act or false statement. Fed. R. Evid. 609(a)(2). However, if the conviction is more than ten years old, the conviction is only admissible if its probative value substantially outweighs its prejudicial effect. Fed. R. Evid. 609(b)(1). Thus, Plaintiff's and his inmate witnesses' prior felony convictions are admissible, subject to Rule 403. If those convictions involve a crime of dishonesty or false statement, they are admissible pursuant to Rule 609(a)(2).

Plaintiff admits that prior felony convictions will be admissible, but requests the court limit such evidence to simply asking the Plaintiff or inmate witness if they were previously convicted of a felony. Defendants object, arguing that the jury will already know they were convicted of a felony by virtue of being prison inmates, and states that "Defendants do not intend to offer any details beyond the fact of conviction and the name of the crime unless Plaintiff puts additional details at issue." Ordinarily, on cross examination, the details of prior convictions should not be exposed to the jury. *United States v. Williams*, 272 F.3d 845, 860 (7th Cir. 2001); *United States v. Castro*, 788 F.2d 1240, 1246 (7th Cir. 1986). Once a witness takes the stand, the witness may be cross examined as to their prior convictions to affect their credibility as a witness, but that questioning must be limited to whether the witness had previously been convicted of a felony, what the felony was, and to when the conviction was obtained. See *United States v. Gaertner*, 705 F.2d 210, 216 (7th Cir. 1983).

However, in the instant case, Plaintiff argues Defendants should be limited to whether the inmate witnesses and Plaintiff were convicted of a felony, and that Defendants should not be able to introduce before the jury the particular nature of the felony, based on the law of the case doctrine. Plaintiff notes that at the trial before U.S. District Judge Harold A. Baker on April 25, 2011, Judge Baker said the following:

> "Prior criminal history record, right? That's what you are objecting to. We have been through this before, defense counsel, in the case. You can ask have you been convicted of a felony. You cannot go into the details of it. The fact that a person is a convicted felon is something the jury can weigh in judging credibility. There is a stock instruction on that.
>
> But the details, you stabbed your mother and raped your father or whatever is not relevant. Okay? All right."

Contrary to Plaintiff's assertion, Judge Baker's ruling did not limit Defendants to merely asking if a witness had been convicted of a felony, but not what that felony was. Rather, the ruling was consistent with the case law interpretation of Rule 609 that a witness could be cross examined as to whether they had been convicted of a felony and what the particular felony was, but could not be cross examined as to the *factual details* of the conviction without the witness having opened the door. The court's interpretation of Judge Baker's ruling is supported by the trial transcript when Plaintiff took the stand and acknowledged that he had been convicted of felonies and that the felonies were attempted murder and armed robbery. Thus, the law of the case, based on Judge Baker's ruling, is that Defendants may cross examine Plaintiff and the inmate witnesses as to their prior convictions to affect their credibility as witnesses, but that questioning must be limited to whether they had previously been convicted of a felony, what the felony was, and to when the conviction was obtained. See *Gaertner*, 705 F.2d at 216. Plaintiff's Motion in Limine (#320) is DENIED.

IT IS THEREFORE ORDERED:

(1) Plaintiff's Motion in Limine (#320) is DENIED.

(2) This case remains set for a final pretrial conference on Friday, April 25, 2014, at 1:30 pm in Courtroom A, Urbana. Jury trial remains set for Tuesday, May 20, 2014, at 9:30 am in Courtroom A, Urbana.

ENTERED this 1st day of April, 2014.

s/ COLIN S. BRUCE
U.S. DISTRICT JUDGE