**E-FILED**
Friday, 11 April, 2014 11:57:33 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **TIBERIUS MAYS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 01-CV-1254 |
| ) | |
| **JEROME SPRINGBORN, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION

Defendants filed this Motion in Limine (#322) on March 21, 2014. Plaintiff filed his Response (#329) on April 7, 2014. For the following reasons, Defendants' Motion in Limine (#322) is GRANTED in part and DENIED in part.

*Personal Information, Indemnification of Defendants by State of Illinois, and Re-Trial*

Defendants move to bar the following evidence and exhibits: (1) personal information- the home addresses and telephone numbers of any Defendant, witness for Defendants, or law enforcement personnel; their marital status, whether Defendants have any children, the names of their family members or dependents; or inquiry into any other area which may lead to the disclosure of said information; (2) any evidence of indemnification of Defendants by the state of Illinois; and (3) any mention of the fact that this is a retrial on remand from the Seventh Circuit Court of Appeals and that Plaintiff, Plaintiff's counsel, and Plaintiff's witnesses should be barred from "testifying, implying, arguing, or eliciting testimony that the remanding of this case means that the Seventh Circuit thought Defendants violated Plaintiff's constitutional rights in this matter." Plaintiff, in his Response, agreed to limit evidence regarding personal information, indemnification, and the fact that this was a retrial on remand, subject to certain conditions. Therefore, Defendants' Motion in Limine (#322) is GRANTED with regard to personal information and mention of this case being remanded for trial by the Seventh Circuit. It is also GRANTED as to any mention of indemnification of

Defendants by the state of Illinois, unless Defendants themselves argue or suggest limited finances or an inability to pay a damages award.

*Rules and Regulations*

Defendants next argue that any use by Plaintiff of Illinois Department of Corrections' (IDOC) "rules, regulations, procedures, job descriptions, and an inmate handbook" to show that Defendants did not properly comply with Department "rules, regulations, procedures, etc." regarding strip searches should be barred. Defendants argue that Plaintiff cannot show that such rule violations violated Plaintiff's Constitutional rights and that the aforementioned documents are "irrelevant, as the standard by which to judge Defendants' conduct is provided by the First, Fourth, Eighth Amendments" and not "departmental rules, regulations, procedures, job descriptions, and inmate handbooks." Defendants argue that the use of such rules and regulations may confuse the jury and make them think that if Defendants violated IDOC procedure, they violated Plaintiff's Constitutional rights. Defendants argue jurors would be misled into not applying Constitutional standards. Plaintiff argues that a jury may infer a violation of the Constitution from a violation of prison rules, and that jurors can certainly be expected to understand that a prison rule is not the Constitution. Further, Plaintiff argues that, under the doctrine of the law of the case, Judge Harold A. Baker (who presided over the first trial) and the Seventh Circuit have already ruled that IDOC rules and procedures are admissible evidence that is probative of whether a Constitutional violation occurred.

In the first appeal in this case, from Judge Baker's granting of full summary judgment in Defendants' favor, the Seventh Circuit held, in relation to whether the strip searches were done with an intent to harass Plaintiff, that "although a violation of the prison's rule against public searches was not, by itself, a violation of the constitution [citation omitted], it was relevant evidence on which the jury could have relied to conclude that the searches were done with an intent to harass." *Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009). Further, the court agrees with Plaintiff that the jury will be able to comprehend that a simple rule or procedure violation does not equate to a

Constitutional violation and that limiting instructions from the court to the jury will help ameliorate any possible confusion.

The court also notes the applicability of the "law of the case doctrine," which "embodies the notion that a court not ought to re-visit an earlier ruling in a case absent a compelling reason, such as manifest error or change in the law, that warrants re-examination." *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007). The doctrine reflects interests in consistency, finality, and the conservation of judicial resources. *Minch*, 486 F.3d at 301. The doctrine applies when a case is reassigned from one judge to another to reflect "'the rightful expectation of litigants that a change of judges midway through a case will not mean going back to square one.'" *Minch*, 486 F.3d at 301, quoting *Mendenhall v. Mueller Streamline Co.*, 419 F.3d 686, 691 (7th Cir. 2005). However, the doctrine does not preclude a judge from reassessing an earlier ruling to the extent he or she believes the earlier ruling was obviously wrong. *Minch*, 486 F.3d at 302.

Here, Judge Baker, at the April 25, 2011 trial on remand from the Seventh Circuit, addressed a nearly identical motion in limine (#257) made by Defendants on the matter of IDOC rules and regulations. Judge Baker stated:

> "Rules and procedures. I'm sorry, defendants, I disagree with your remarks about rules and procedures. They are relevant. They do — they have circumstantial evidentiary value as to what was motivating the searches, whether the motivation was really a security purpose or to harass, intimidate, cause psychological pain and so forth to Mr. Mays.
>
> And, if you read – if you read the decision of the panel in the Court of Appeals that sent this issue back, I think Judge Evans must have written it because they are so nice to me, they say I was right in four out of five points. I am sure Judge Easterbrook would not have been as nice to me if he had written it.
>
> At any rate, it's pretty obvious that those things can come in evidence. I'm

3

not going to let them be carried from the bar, but you can argue that they – that it's probative of intent as not obeying their own rules and following their own procedures, what did they have in mind.

Whether that's successful or not, I have no idea. I think it's clear that you can argue that. So the objections to the admissions of rules and procedures is overruled." (Transcript of Trial April 25, 2011, at pp. 10-11).

Thus, it is clear that under the law of the case doctrine, Defendants' motion as it relates to rules and regulations must be DENIED. Defendants have not pointed to a manifest error or change in the law so as to justify re-examination of Judge Baker's prior ruling. See *Minch*, 486 F.3d at 301. Further, the Seventh Circuit has, in this case, already found that violations of such IDOC rules and regulations are relevant evidence on which the jury may rely to conclude that the strip searches were done with the intent to intimidate and harass. *Mays*, 575 F.3d at 650.

*Grievances*

Defendants argue that because neither exhaustion nor notice is an issue in this case, Plaintiff's grievances in relation to his retaliation claims should not be allowed. Defendants argue that the grievances are irrelevant to the case and contain hearsay and should not be admitted for the truth of the matters asserted within them. Plaintiff argues that they should be admitted as business records but, even if not admissible for the truth of the matters asserted therein, they are still relevant because the fact that grievances were made goes squarely to the central issue of the case.

The court agrees with Plaintiff that the fact that the grievances were made goes to the central issue of the case. Further, under the law of the case doctrine, the grievances are admissible. Judge Baker ruled the grievances were admissible at the April 25, 2011 trial. Judge Baker stated:

"Grievances. One of the issues in this case is, Mr. Mays complained about the searches. The question is was this retaliation because of his grievances, so the grievances have relevance in the case. Not for the truth of the matters asserted in the

4

grievance, but that he did file grievances.

So that is overruled. You may present those." (Transcript of Trial April 25, 2011, at p. 11).

The court will apply Judge Baker's ruling in the 2011 trial to instant trial. Plaintiff may present his grievances, not for the truth of the matters asserted in the grievances, but for the fact that he did file said grievances. Defendants' motion on this ground is DENIED.

IT IS THEREFORE ORDERED:

(1) Defendants' Motion in Limine (#322) is GRANTED in part and DENIED in part. The motion is GRANTED with regard to personal information and mention of this case being remanded for trial by the Seventh Circuit. It is also GRANTED as to any mention of indemnification of Defendants by the state of Illinois, unless Defendants themselves argue or suggest limited finances or an inability to pay a damages award. The motion is DENIED as to IDOC rules and regulations and grievances. However, the grievances may not be presented as to the truth of the matter asserted, but only to show that Plaintiff did in fact file grievances relating to his retaliation claim.

(2) This case remains set for a final pretrial conference on Friday, May 2, 2014, at 2:00 pm in Courtroom A, Urbana. Jury trial remains set for Tuesday, May 20, 2014, at 9:30 am in Courtroom A, Urbana.

ENTERED this 11th day of April, 2014.


s/ COLIN S. BRUCE
U.S. DISTRICT JUDGE