UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| TIBERIUS MAYS, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>JEROME SPRINGBORN, et al., )<br>)<br>Defendants. ) | Case No. 01-CV-1254 |

**OPINION**

The parties in this case filed a Final Pretrial Order (#340) at the final pretrial conference on May 5, 2014. Under the section labeled "Contested Issues of Law," the parties included as a contested issue "[w]hether the Plaintiff's group strip search claims under the Fourth Amendment survived the remand by the Seventh Circuit Court of Appeals on June 11, 2013." For the following reasons, the court finds Plaintiff's Fourth Amendment claims did survive the latest Seventh Circuit remand.

*Background*

In his Amended Complaint (#80), Plaintiff alleged that the strip searches in question violated his Fourth and Eighth Amendment rights. Plaintiff also claimed that a strip search conducted in retaliation for his filing of grievances violated his First Amendment rights. Plaintiff's case eventually proceeded to a full trial on April 25, 2011, where his claims against Defendants for violation of his First, Fourth, and Eighth Amendment rights were submitted to the jury. The jury instructions included explicit reference to Plaintiff's claims under the First, Fourth, and Eighth Amendments. The Fourth and Eighth Amendment claims were grouped together. The court also provided a form for the jury to make special findings as to whether individual Defendants "had a valid penological reason for the group strip search" on the various dates in question. The jury returned a verdict finding for Defendants on all of Plaintiff's claims.

The Seventh Circuit reversed. In its opinion, the Seventh Circuit made no mention of Plaintiff's claims under the Fourth Amendment. Instead, the Seventh Circuit wrote, in reference to Plaintiff's claims, "[t]he violations alleged included subjecting him to improper strip searches intended to humiliate him, and thus violating his Eighth Amendment rights against being subjected to cruel and unusual punishment, [citation omitted], and subjecting him to an especially protracted, gratuitous, and humiliating strip search in retaliation for his having filed grievances complaining about the earlier searches, thus violating his First Amendment right to petition government for the redress of his grievances." *Mays v. Springborn*, 719 F.3d 631, 633 (7th Cir. 2013). The Seventh Circuit stated:

> "With respect to the Eighth Amendment issues, the judge submitted to the jury a special interrogatory that asked it to state regarding each defendant whether he did or did not 'have a valid penologic reason for the group search conducted [in a specified month or on a specified date].' The interrogatory was misleading. There may have been a valid penological reason for the search, yet it may not have been the reason or a reason; the reason may have been to humiliate the plaintiff. And as explained in our previous opinion yet unaccountably overlooked by the district judge, even if there was a valid penological reason 'the manner in which the searches were conducted must itself pass constitutional muster.' [citation omitted] The plaintiff's evidence was that the searches were group searches that gratuitously exposed to other prisoners the nudity of each prisoner being searched and that the guards conducted the searches wearing dirty gloves in a freezing basement and uttering demeaning comments to the prisoners being searched, for example comments about their private parts." *Mays*, 719 F.3d at 633-34.

The Seventh Circuit reversed the judgment of the district court, finding that the jury

instructions' special findings with respect to the strip search claim was erroneous. The Seventh Circuit did not issue a specific remand order as to Plaintiff's individual claims and legal theories, ordering simply that "[t]he judgment is reversed with instructions to conduct a new trial." *Mays*, 719 F.3d at 635. No mention of the Fourth Amendment was made in the Seventh Circuit opinion.

*Positions of the Parties*

Plaintiff argues that his Fourth Amendment claims survived the Seventh Circuit remand. Plaintiff makes three arguments in support of his position: (1) in other cases, when the Seventh Circuit vacates the district court judgment as to only certain claims, the Seventh Circuit specifically says which claims are vacated and reversed, which they did not do here, thereby implying that the entire jury verdict has been vacated, including the verdict as to the Fourth Amendment claims; (2) finding that the Seventh Circuit affirmed the jury verdict as to the Fourth Amendment claims would be inconsistent with both its 2009 and 2013 opinions, since, in the 2009 opinion the court did not even distinguish between "Fourth" and "Eighth" Amendment claims, but rather referred to them collectively as "the strip search claim"; although the Seventh Circuit referred to the "Eighth Amendment" claims in its 2013 opinion, the court's actual discussion of the searches again suggests the claims are "fused"; and (3) allowing the Fourth Amendment claims at trial would not burden judicial resources because presentation of evidence for both constitutional claims can be accomplished through the same witnesses and the additional time needed to question them on the Fourth Amendment claims would be negligible.

Defendants argue that, because the Seventh Circuit's 2013 opinion explicitly mentioned Plaintiff's claims under the Eighth Amendment, but omitted any mention of the Fourth Amendment, it must be assumed by implication that the jury's verdict as to the Fourth Amendment claims has been upheld and they did not survive remand and should not be presented at this third trial.

3

*Decision of the Court*

The Seventh Circuit does not remand issues to the district court when those issues have been waived or decided. *United States v. Husband*, 312 F.3d 247, 250 (7th Cir. 2002). Here, there is no argument that the Fourth Amendment issue was waived. Any issue conclusively decided by the Seventh Circuit on appeal is not remanded. *Husband*, 312 F.3d at 251. To determine whether an issue has been decided the appellate opinion needs to be looked at as a whole. *Husband*, 312 F.3d at 251. "The appellate court may explicitly remand certain issues exclusive of all others; but the same result may also be accomplished implicitly." *Husband*, 312 F.3d at 251. For example, if the Seventh Circuit opinion identifies a discrete, particular error that can be corrected on remand without the need for a redetermination of other issues, the district court is limited to correcting that error. *Husband*, 312 F.3d at 251. In such a case, the implication is that for arguments not addressed in the remanding opinion the two possibilities are that the court thought so little of a point that they did not see a need to discuss it, or that the party did not invoke and thereby waived the point. *Husband*, 312 F.3d at 251. "The court's silence on the argument implies that it is not available for consideration on remand." *Husband*, 312 F.3d at 251.

The court finds Plaintiff's position to be the most persuasive. First, the court finds the Fourth and Eighth Amendment claims to be closely related. The Seventh Circuit's 2009 opinion did not distinguish between the Fourth and Eighth Amendment claims, but rather referred to them collectively as the "Stateville strip search claim." Also, the 2009 opinion cited to strip search cases based on the Fourth (*Bell v. Wolfish*, 441 U.S. 520 (1979)) and Eighth Amendments (*Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003). The 2009 opinion therefore seemed to conflate the Fourth and Eighth Amendment claims, as the two are closely related. Further, reading the 2013 opinion, at the very beginning of the opinion, the court refers to Plaintiff's original allegations as alleging the strip searches violated his Eighth Amendment rights, but

4

makes no mention of the Fourth Amendment. However, as Plaintiff clearly alleged violations of both his Fourth and Eighth Amendment rights, the Seventh Circuit's reference to only the Eighth Amendment implies that the court of appeals is grouping both the Fourth and Eighth Amendment claims under the blanket of the Eighth Amendment. Further, the Seventh Circuit took issue with the district court's special findings interrogatory which concerned the Fourth and Eighth Amendment claims. The district court's interrogatories did not distinguish between the Fourth and Eighth Amendments. Although the Seventh Circuit opinion referred to the claims only as "the Eighth Amendment claims", the court's analysis concerned those special interrogatories that conflated both Fourth and Eighth Amendment claims. Therefore, based on a textual analysis of the 2013 opinion, it appears to this court that the Seventh Circuit was referring to both the Fourth and Eighth Amendment claims as being under the "Eighth Amendment," and that the court did not intend to indicate that the Fourth Amendment claims did not survive the remand.

Next, the court believes the 2013 opinion clearly shows the court of appeals' intention to remand the *entire* case for a new trial. The Seventh Circuit's conclusion stated that "the judgment is reversed with instructions to conduct a new trial." *Mays*, 719 F.3d at 635. The sentence did not say "the judgment is reversed as to the Eighth and First Amendment claims, but affirmed as to the Fourth Amendment." It would have been a simple matter for the court of appeals, in a case that has already been reversed and remanded twice due to district court errors, to clearly state that the Fourth Amendment claims did not survive remand to avoid any confusion in the lower court. The Seventh Circuit did not do so. This court will not make the inferential leap that the Seventh Circuit affirmed the judgment as to the Fourth Amendment claims without a more clear, explicit statement from that court.

The court understands that there are times when the Seventh Circuit has made clear through implication in its opinions that some claims survived remand while others did not. This

5

is not such an instance.  Taking the 2013 opinion in context, this court will not read into the opinion an implicit affirmance of the jury verdict on the Fourth Amendment claim.  Rather, the implication the court draws from that opinion is that the Fourth Amendment claims survive, along with the Eighth Amendment claims, and that any omission of the words "Fourth Amendment" by the court of appeals was an oversight.

    IT IS THEREFORE ORDERED: The Fourth Amendment claims survived the Seventh Circuit remand in its 2013 opinion and may be put before the jury at trial.

    ENTERED this 14th day of May, 2014

    s/ COLIN S. BRUCE
    U.S. DISTRICT JUDGE