IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FILED

MAY 2 1 2014

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

| | | |
|---|---|---|
| TIBERIUS MAYS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  01-CV-1254 |
| | ) | |
| JEROME SPRINGBORN, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

JURY INSTRUCTIONS

Members of the jury, you have seen and heard all the evidence and will soon hear the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow prejudice to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Court's 1 (Agreed Plaintiff's 1)
7th Cir. Pattern 1.01

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about or on what the outcome of the case should be.

Court's 2

7th Cir. Pattern 1.02



This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be dealt with as equals in a court of justice.

Court's 3 (Agreed Plaintiff's 12)

Seventh Circuit Pattern Jury Instructions 1.03 (modified)



The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and the stipulations.

A stipulation is an agreement between both sides that certain facts are true.

Court's  4 (Agreed Plaintiff's 2)

7th Cir. Pattern 1.04 [some bracketed material omitted]



During the trial, certain testimony was presented to you by video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Court's 5 (if necessary)
7th Cir. P. I. 1.05 (modified)



Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Court's 6 (Agreed Plaintiff's 3)
7th Cir. Pattern 1.06



Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Court's 7 (Agreed Plaintiff's 8)
7th Cir. Pattern 1.07



In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Court's 8 (Agreed Plaintiff's 6)

7th Cir. Pattern 1.08

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Court's 9 (Agreed Defendants' 1)
7th Cir. Pattern 1.09



Each party is entitled to have the case decided solely on the evidence that applies to that party. You must not consider it against any other party.

Court's 10 (Agreed Defendants' 2)

7th Cir. Pattern 1.10



You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Court's 11

7th Cir. Pattern 1.11



You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Court's 12 (Agreed Plaintiff's 9)
7th Cir. Pattern 1.12

14



You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

-the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

-the witness's memory;

-any interest, bias, or prejudice the witness may have;

-the witness's intelligence;

-the manner of the witness while testifying;

-and the reasonableness of the witness's testimony in light of all the evidence in the case.

Court's 13 (Agreed Plaintiff's 5)
7th Cir. Pattern 1.13

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight

to give his testimony.

With respect to other witnesses, the law is different. If you decide that before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Court's 14

Seventh Circuit Pattern Jury Instructions 1.14

16

You have heard evidence that plaintiff ~~has~~ been convicted of a

_willie Lewis, and Calvin Straw_ [inserted above]

_have._ [inserted above]

crime. You may consider this evidence only in deciding whether

_their_ [inserted above]

~~plaintiff's~~ testimony is truthful in whole, in part, or not at all. You

may not consider this evidence for any other purpose.

Court's 15
Seventh Circuit Pattern Jury Instructions 1.15

_✓ as modified_

17

It is proper for a lawyer to meet with any witness in preparation for trial.

Court's 16

Seventh Circuit Pattern Instruction 1.16



You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Court's 17 (Agreed Plaintiff's 7)
7th Cir. Pattern 1.17



The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Court's 18 (Agreed Defendants' 4)

7th Cir. Pattern 1.18



Certain demonstrative exhibits have been shown to you.

Those items are used for convenience and to help explain the facts

of the case.  They are not themselves evidence or proof of any facts.

Court's 19

Seventh Circuit Pattern Instruction 1.24



You must give separate consideration to each claim and each party in this case. Although there are five defendants, it does not follow that if one is liable, any of the others is also liable.

In considering a claim against a defendant, you must not consider evidence admitted only against another defendant or defendants.

Court's 20 (Agreed Defendants' 5)

7th Cir. Pattern 1.25 (modified)



The defendants in this case are being sued as individuals for their alleged personal acts. Neither the State of Illinois nor the Illinois Department of Corrections are parties to this lawsuit.

Court's 21 (Agreed Defendants' 17)

7th Cir. Pattern 7.01 (modified)



Prison officials have wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.

Court's 22 (Agreed Defendants' 14)

*Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979)



Plaintiff must prove by a preponderance of the evidence that each defendant was personally involved in the conduct about which the plaintiff complains. You may not hold any defendant liable for what other employees did or did not do.

Court's 23 (Agreed Defendants' 18)

7th Cir. Pattern 7.02 (modified)



You have heard evidence about whether the defendants' conduct violated a prison administrative rule governing strip searches of inmates. You may consider this evidence in your deliberations. But remember that the issue is whether the defendants violated plaintiff's rights under the First, Fourth, or Eighth Amendments to the Constitution, not whether a prison administrative rule or regulation might have been violated.

Court's 24 (Contested Plaintiff's 10)
7th Cir. Pattern 7.04 (modified); *Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009).



When I say that a party must prove something by a "preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Court's 25 (Agreed Defendants' 11, Plaintiff's 15)
7th Cir. Pattern 1.27



The plaintiff, Tiberius Mays, an inmate of the Illinois Department of Corrections, claims that the defendants, Hantelmann, Hoyt, Etheridge, Springborn, and Johnson, correctional officers of the Illinois Department of Corrections, violated the plaintiff's rights under the First, Fourth, and Eighth Amendments to the United States Constitution.

Specifically, the plaintiff makes three claims.

(1)　the defendants Hantelmann and Hoyt violated the plaintiff's Fourth and Eighth Amendment rights on December 30 and 31, 1998, and January 3 and 4, 1999, at the Stateville Correctional Center when said defendants unreasonably group strip searched the plaintiff in a harassing manner intended to humiliate and cause psychological pain;

(2)　the defendants Etheridge, Johnson, and Springborn violated the plaintiff's rights under the Fourth and Eighth Amendments on June 9, 1999 by unreasonably group strip searching the plaintiff in a harassing manner

28

intended to humiliate and cause psychological pain;

(3)     the defendants Etheridge, Johnson, and Springborn

violated the plaintiff's rights under the First Amendment

on June 9, 1999, by performing an extended strip search

of the plaintiff in a harassing manner intended to

humiliate and cause psychological pain in retaliation for

the plaintiff notifying the defendants of his grievances

and the rules governing strip searches at the Stateville

Correctional Center.

The plaintiff further claims that he suffered injuries, was

damaged and that the defendants' conduct was a proximate cause

of his claimed damages.

The defendants deny that they unreasonably group strip

searched the plaintiff in a harassing manner intended to humiliate

and cause psychological pain.  The defendants argue that they did

not perform group strip searches of the plaintiff, and to the extent

they did it was in furtherance of security measures necessary in a

penitentiary.  The defendants further deny that the plaintiff

suffered any damages from their actions. They deny that any conduct on their part violated the plaintiff's rights under the First, Fourth, or Eighth Amendments or was a proximate cause of the plaintiff's claimed damages.

Court's 26 (Contested Plaintiff's 4)

*Mays v. Springborn*, 719 F.3d 631, 633-34 (7th Cir. 2013); *Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009); *Bell v. Wolfish*, 441 U.S. 520, 560 (1979).



The plaintiff claims that defendants Hoyt and Hantelmann violated his rights under the Fourth and Eighth Amendments to the U.S. Constitution by subjecting the plaintiff to group strip searches performed in a harassing manner that were intended to humiliate and cause psychological pain to plaintiff.

The Constitution, in the context of this case, permits prison officials to use group strip searches of prisoners only for a valid penological purpose to maintain the security of the penitentiary. However, even if a valid penological purpose for the searches existed, the strip searches must still pass Constitutional muster, and must have been conducted for that valid penological purpose. The Constitution prohibits unreasonable group searches for the purpose of punishing or humiliating a prisoner. The Constitution bars defendants from using strip searches maliciously or sadistically for the purposes of causing harassment, humiliation or psychological pain as punishment or without any valid penological purpose.

The plaintiff claims the defendants Hoyt and Hantelmann

subjected the plaintiff to such a search on December 30 and 31, 1998, and January 3 and 4, 1999. To succeed on his claim, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. The strip search was conducted in a harassing manner;

2. In conducting the search, one or more of the defendants intended to punish, humiliate and cause psychological pain to the plaintiff;

3. The plaintiff was harmed;

4. The conduct of any defendant was the proximate cause of the harm to plaintiff.

If you find the plaintiff has proved by a preponderance of the evidence each of these elements, then you must find for the plaintiff.

But if, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved as to the defendants, then the defendants are not liable and your verdict should be against the plaintiff and for the defendants.

Court's 27;  *Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009); *Bell v. Wolfish*, 441 U.S. 520, 560 (1979); *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003).



The defendants Hoyt and Hantelmann were supervisors at Stateville in December 1998 and January 1999. By "supervisor" I mean someone who had the authority to control the behavior of subordinate corrections officers and the conditions of the plaintiff's incarceration, including the manner in which strip searches were performed. To succeed on a claim against Hoyt and/or Hantelmann, the plaintiff must prove each of the following things by a preponderance of the evidence:

(1)     Corrections staff under the supervision of Hoyt and/or Hantelmann searched the plaintiff in a manner intended to punish and humiliate, and/or searched the plaintiff in a harassing manner intended to humiliate and cause psychological pain;

(2)(a)  Hoyt and/or Hantelmann knew that corrections staff under their supervision were about to search the plaintiff in a manner intended to punish and humiliate, and/or search the plaintiff in a harassing manner intended to humiliate and cause

psychological pain;

or

(2)(b)        Hoyt and/or Hantelmann knew that corrections staff under their supervision had a practice of searching the plaintiff in a manner intended to punish and humiliate and/or searching the plaintiff in a harassing manner intended to humiliate and cause psychological pain in similar situations;

(3)        Hoyt and/or Hantelmann approved, assisted, condoned or purposely ignored conduct by corrections staff under their supervision to search the plaintiff in a manner intended to punish and humiliate, and/or search the plaintiff in a harassing manner intended to humiliate and cause psychological pain in similar situations.

(4)        As a result, the plaintiff was injured.

If you find that the plaintiff has proved each of these things by a preponderance of the evidence, then you should find for the plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that the plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for the defendant under consideration, and you will not consider the question of damages.

Plaintiff's 26, 7th Cir. Pattern 7.17 (modified)

WITHDRAWN

The plaintiff claims that defendants Etheridge, Johnson, and Springborn violated his rights under the Fourth and Eighth Amendments to the U.S. Constitution by subjecting the plaintiff to group strip searches performed in a harassing manner that ~~were~~ *was* intended to humiliate and cause psychological pain to plaintiff.

The Constitution, in the context of this case, permits prison officials to use group strip searches of prisoners only for a valid penological purpose to maintain the security of the penitentiary. However, even if a valid penological purpose for the searches existed, the strip searches must still pass Constitutional muster, and must have been conducted for that valid penological purpose. The Constitution prohibits unreasonable group searches for the purpose of punishing or humiliating a prisoner. The Constitution bars defendants from using strip searches maliciously or sadistically for the purposes of causing harassment, humiliation or psychological pain as punishment or without any valid penological purpose.

The plaintiff claims the defendants Etheridge, Johnson, and

Springborn subjected the plaintiff to such a search on June 9, 1999. To succeed on his claim, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. The strip search was conducted in a harassing manner;

2. In conducting the search, one or more of the defendants intended to punish, humiliate and cause psychological pain to the plaintiff;

3. The plaintiff was harmed;

4. The conduct of any defendant was the proximate cause of the harm to plaintiff.

If you find the plaintiff has proved by a preponderance of the evidence each of these elements, then you must find for the plaintiff.

But if, on the other hand, if you find from your consideration of all the evidence that any of these propositions has not been proved as to the defendants, then the defendants are not liable and your verdict should be against the plaintiff and for the defendants.

Court's 28; *Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009); *Bell v. Wolfish*, 441 U.S.

520, 560 (1979); *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003).

✓ as modified

The plaintiff claims the defendants Etheridge, Johnson, and Springborn violated his constitutional right to free speech by subjecting him to an extended group strip search in retaliation for informing the defendants of his grievance and the prison rules governing strip searches. In this case, the First Amendment gives an inmate the right to inform prison staff of a grievance and of a violation of the prison's own rules.

To succeed on this claim, the plaintiff must prove several things by a preponderance of the evidence:

1. The plaintiff informed defendants Etheridge, Johnson, and Springborn of his grievance and prison rules governing strip searches;

2. The defendants retaliated by subjecting plaintiff to an extended group strip search;

3. The plaintiff informing the defendants of his grievance and the prison rules governing strip searches was a reason, alone or with other reasons, that the defendants relied on when they performed the extended group strip

search, or that moved the defendants toward their decision to perform the extended group strip search; and

4.    The plaintiff was harmed.

If the plaintiff has proved each of these things by a preponderance of the evidence, then you must consider each defendant's claim that he would have subjected the plaintiff to an extended group strip search anyway.  To succeed on this claim, each defendant must prove by a preponderance of the evidence that even though the plaintiff's informing the defendants of his grievance and the prison rules governing strip searches was a reason for his decision to subject the plaintiff to an extended group strip search, there were other reasons which would have led the defendant under consideration to subject the plaintiff to the same extended group strip search even if the plaintiff had not informed the defendants of his grievance and the prison rules governing strip searches.

If you find that the plaintiff has proved by a preponderance of the evidence each of the things required of him, and the defendant

under consideration has not proved his claim by a preponderance of the evidence, then you must find for the plaintiff.  However, if you find that the plaintiff did not prove by a preponderance of the evidence each of the things required of him, or if you find that the defendant under consideration proved his claim, then you must find for that defendant.

Court's 29; (Contested Plaintiff's 18); 7th Cir. Pattern 6.01 (modified); *Mays v. Springborn*, 719 F.3d 631, 634-35 (7th Cir. 2013); *Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009); *Greene v. Doruff*, 660 F.3d 975, 977 (7th Cir. 2011).



The defendants Johnson and Springborn were supervisors at Stateville on June 9, 1999. By "supervisor" I mean someone who had the authority to control the behavior of subordinate corrections officers and the conditions of the plaintiff's incarceration, including the manner in which strip searches were performed. To succeed on a claim against Johnson and/or Springborn, the plaintiff must prove each of the following things by a preponderance of the evidence:

(1)  Defendant Etheridge and/or other corrections staff under the supervision of Johnson and/or Springborn retaliated against the plaintiff, searched the plaintiff in a manner intended to punish and humiliate, and/or searched the plaintiff in a harassing manner intended to humiliate and cause psychological pain;

(2)(a)  Johnson and/or Springborn knew that defendant Etheridge and/or other corrections staff under their supervision were about to retaliate against the

43

plaintiff, search the plaintiff in a manner intended to punish and humiliate, and/or search the plaintiff in a harassing manner intended to humiliate and cause psychological pain;

or

(2)(b)    Johnson and/or Springborn knew that defendant Etheridge and/or other corrections staff under their supervision had a practice of searching the plaintiff in a manner intended to punish and humiliate and/or searching the plaintiff in a harassing manner intended to humiliate and cause psychological pain in similar situations;

(3)    Johnson and/or Springborn approved, assisted, condoned or purposely ignored conduct by defendant Etheridge and/or other corrections staff under their supervision to search the plaintiff in a manner intended to punish and humiliate, and/or search the plaintiff in a harassing manner intended

to humiliate and cause psychological pain in similar situations.

(4)     As a result, the plaintiff was injured.

If you find that the plaintiff has proved each of these things by a preponderance of the evidence, then you should find for the plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that the plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for the defendant under consideration, and you will not consider the question of damages.

Plaintiff's 27, 7th Cir. Pattern 7.17 (modified)

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the plaintiff's injury. It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.

Court's 30 (Agreed Defendants' 12)

I.P.I. 15.01



When I use the expression "valid penological purpose" in these instructions, I mean a good faith action by the defendants to protect the security and economic interest in saving staff resources of the penitentiary. In deciding whether the defendants had a valid penological purpose, bear in mind that courts, and therefore juries, must give deference to good faith judgments of the persons responsible for the administration of the penitentiary.

Court's 31 (Contested Plaintiff's 14); *Bell v. Wolfish*, 441 U.S. 520, 521 (1979); *Peckham v. Wisconsin Department of Corrections*, 141 F.3d 694, 695 (7th Cir. 1998).

over
obj.

If you find that the plaintiff has proved any of his claims against any of the defendants, then you must determine what amount of damages, if any, the plaintiff is entitled to recover.

If you find that the plaintiff has failed to prove all of his claims, then you will not consider the question of damages.

Court's 32 (Agreed Plaintiff's 22), 7th Cir. 7.22



If you decide for a defendant on the question of liability, then you should not consider the question of damages as to that defendant.

Court's 33 (Defendants' 19)

7th Cir. Pattern 1.31

You may not award damages for mental or emotional injury unless you first find that plaintiff suffered a physical injury resulting from the same constitutional violation.

Court's 34 (Agreed Defendants' 10)

42 U.S.C. § 1997e(e); *Zehner v. Trigg*, 133 F.3d 459 (7th Cir. 1997).

If you find in favor of the plaintiff, then you must determine the amount of money that will fairly compensate the plaintiff for any injury that you find he sustained as a direct result of the violation(s) of his constitutional right(s). These are called "compensatory damages."

The plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; depending on your finding, compensatory damage may include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1.　With regard to the Fourth and Eighth Amendment claims on December 30 and 31, 1998, and January 3 and 4, 1999 at Stateville, the plaintiff's compensatory damages are limited to one dollar ($1.00) as nominal damages.

You may then, if you choose, also consider the question of punitive damages.

2.    With regard to the First, Fourth and Eighth Amendment claims on June 9, 1999 at Stateville, if you find that the plaintiff suffered a physical injury, then, in assessing compensatory damages, you may consider what ~~lost wages, if any, and~~ what psychological pain and suffering he may have experienced.  On the other hand, if you find that the plaintiff suffered no physical injury then you may not consider any psychological pain and suffering in fixing compensatory damages ~~but may consider lost wages, if any, in deciding compensatory damages.  If you decide there were no lost wages~~ then you must award the plaintiff one dollar ($1.00) as nominal damages.  You may then, if you choose, also consider the question of punitive damages.

3.    No evidence of the dollar value of physical or emotional pain and suffering has been or needs to be introduced.

There is no exact standard for setting the damages to be awarded on account of pain and suffering. If you have found that the plaintiff suffered a physical injury, you must assess what psychological pain and suffering he may have experienced, if any, and you are to determine an amount that will fairly compensate the plaintiff for the injury he has sustained.

Court's 35 (Contested Plaintiff's 23); 7th Cir. Pattern 7.23 (modified); *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003); *Siebert v. Severino*, 256 F.3d 648, 655 (7th Cir. 2001).

✓ as modified

If you find for the plaintiff, you may, but are not required to, assess punitive damages against one or more of the defendants. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to that defendant and others not to engage in similar conduct in the future.

The plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against a defendant. You may assess punitive damages only if you find that a defendant's conduct was malicious or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect

bias, prejudice, or sympathy towards any party. In determining the amount of any punitive damages, you should consider the following factors:

(1)   the reprehensibility of a defendant's conduct;

(2)   the impact of a defendant's conduct on plaintiff;

(3)   the relationship between the plaintiff and a defendant;

(4)   the likelihood that a defendant would repeat the conduct if an award of punitive damages is not made; and

(5)   the relationship of any award of punitive damages to the amount of actual harm the plaintiff suffered.

Court's 36 (Contested Plaintiff's 24)

7th Cir. Pattern 7.24



Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Court's 37 (Agreed Plaintiff's 25)
7th Cir. Pattern 1.32



I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror.

The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Court's 38

7th Cir. Pattern 1.33

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous. You should make every reasonable effort to reach

a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely

because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts.

Court's 39

7th Cir. Pattern 1.34

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA

TIBERIUS MAYS,                        )
                                      )
              Plaintiff,              )
                                      )
       -vs-                           )          No. 01-1254
                                      )
JEROME SPRINGBORN, et. al.,           )
                                      )
              Defendants.             )

JURY VERDICT FORM - COUNT 1 (Dec. 1998-Jan. 1999 Strip Searches)
*Note: Each of the following paragraphs must be completed*

On plaintiff Tiberius Mays' claim against defendant Kevin Hantelmann, we find in favor
of:

_____

Plaintiff Tiberius Mays or Defendant Kevin Hantelmann

On plaintiff Tiberius Mays' claim against defendant Thomas Hoyt, we find in favor of:

_____

Plaintiff Tiberius Mays or Defendant Thomas Hoyt

*Note: Complete the following paragraphs only if one or more of the above findings is in
favor of plaintiff.*

We find the plaintiff Tiberius Mays' compensatory damages to be: $_____

*Note: You may not award punitive damages against a particular defendant unless you
have first found against that particular defendant and you have awarded plaintiff compensatory
damages. State the amount, or, if none, write the word "none."*

We assess punitive damages, if any, against Defendant Hantelmann in the amount of:

$_____

We assess punitive damages, if any, against Defendant Hoyt in the amount of:

$_____

Foreperson

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

TIBERIUS MAYS,                 )
                                   )

        Plaintiff,            )
                                   )

    -vs-                    )        No. 01-1254
                                   )

JEROME SPRINGBORN, et. al.,   )
                                   )

        Defendants.      )

## <u>JURY VERDICT FORM - COUNT 2</u> (June 1999 Strip Search)
*Note: Each of the following paragraphs must be completed*

On plaintiff Tiberius Mays' claim against defendant Jerome Springborn, we find in favor of:

_____

Plaintiff Tiberius Mays or Defendant Jerome Springborn

On plaintiff Tiberius Mays' claim against defendant Darryl Johnson, we find in favor of:

_____

Plaintiff Tiberius Mays or Defendant Darryl Johnson

On plaintiff Tiberius Mays' claim against defendant Michael Etheridge, we find in favor of:

_____

Plaintiff Tiberius Mays or Defendant Michael Etheridge

*Note: Complete the following paragraphs only if one or more of the above findings is in favor of plaintiff.*

We find the plaintiff Tiberius Mays' compensatory damages to be: $_____

*Note: You may not award punitive damages against a particular defendant unless you have first found against that particular defendant and you have awarded plaintiff compensatory damages. State the amount, or if none, write the word "none."*

We assess punitive damages, if any, against Defendant Springborn in the amount of:

$_____

We assess punitive damages, if any, against Defendant Johnson in the amount of:

$_____

We assess punitive damages, if any, against Defendant Etheridge in the amount of:

$_____




_____          _____

Foreperson


_____          _____


_____          _____


_____          _____


_____          _____


_____          _____

TIBERIUS MAYS,          )
                               )
       Plaintiff,        )
                               )
   -vs-                )          No. 01-1254
                               )
JEROME SPRINGBORN, et. al.,   )
                               )
       Defendants.     )

<u>JURY VERDICT FORM - COUNT 3</u> (June 1999 Retaliation)
*Note: Each of the following paragraphs must be completed*

On plaintiff Tiberius Mays' claim against defendant Jerome Springborn, we find in favor of:

_____

Plaintiff Tiberius Mays or Defendant Jerome Springborn

On plaintiff Tiberius Mays' claim against defendant Darryl Johnson, we find in favor of:

_____

Plaintiff Tiberius Mays or Defendant Darryl Johnson

On plaintiff Tiberius Mays' claim against defendant Michael Etheridge, we find in favor of:

_____

Plaintiff Tiberius Mays or Defendant Michael Etheridge

*Note: Complete the following paragraphs only if one or more of the above findings is in favor of plaintiff.*

We find the plaintiff Tiberius Mays' compensatory damages to be: $_____

*Note: You may not award punitive damages against a particular defendant unless you have first found against that particular defendant and you have awarded plaintiff compensatory damages. State the amount, or, if none, write the word "none."*

We assess punitive damages, if any, against Defendant Springborn in the amount of:

$_____

We assess punitive damages, if any, against Defendant Johnson in the amount of:

$_____

We assess punitive damages, if any, against Defendant Etheridge in the amount of:

$_____


_____        _____

Foreperson


_____        _____


_____        _____


_____        _____


_____        _____


_____        _____

*Adjust lines, add date*